## A. D. Chatelle, Appellant, v. Illinois Central Railroad Company, Appellee.

### Gen. No. 6,519. (Not to be reported in full.)

Appeal from the Circuit Court of Jo Daviess county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed April 9, 1918.

### Statement of the Case.

Action by A. D. Chatelle, plaintiff, against Illinois Central Railroad Company, defendant, to recover damages for personal injuries sustained as the result of a collision at a highway crossing between defendant's passenger train and the automobile in which plaintiff was riding. From a judgment of not guilty for defendant, plaintiff appeals.

The jury rendered a special finding that the bell on

the locomotive was continuously ringing from a point 80 rods before the highway was reached.

SHEEAN & FIEDLER, for appellant.

MARTIN J. DILLON and DOUGLAS PATTISON, for appellee; JOHN G. DRENNAN, of counsel.

MR. PRESIDING JUSTICE CARNES delivered the opinion of the court.

## Abstract of the Decision.

1. RAILROADS, § 735*—*when shown that bell was rung and whistle sounded on approach to crossing.* In an action against a railroad company by an occupant of an automobile to recover for personal injuries received at a highway crossing, due to a collision between one of defendant's through passenger trains and the automobile, evidence *held* sufficient to show that the bell of the engine was ringing and the whistle sounding on approaching the crossing.

2. INSTRUCTIONS, § 10*—*impropriety of giving large number of.* It is error for the trial court to give a vast number of instructions amounting in the aggregate to a lengthy address by the court on behalf of defendant.

3. INSTRUCTIONS, § 10*—*limitation of number.* There can be no hard and fast rule limiting the number of instructions.

4. INSTRUCTIONS, § 10*—*when excessive number given.* The giving of thirty-four instructions in behalf of the defendant in a negligence case was error, because of excessiveness.

5. APPEAL AND ERROR—*when giving excessive number of instructions is harmless error.* The giving of an excessive number of instructions is not reversible error where each instruction is accurate and no other error occurs.

6. RAILROADS, § 733*—*when freedom from wanton and wilful negligence in operation of train at high speed is shown.* In an action by an occupant of an automobile against a railroad company to recover damages for personal injuries sustained in a collision between the automobile and one of defendant's passenger trains at a highway crossing near the edge of a town, where it appeared that the train was a through one and was traveling at the rate of 40 to 50 miles per hour, that an ordinance of the town required a speed limit of 10 miles per hour through the town, and the evidence was conflicting as to the giving of statutory signals on

*See **Illinois Notes Digest, Vols. XI to XV**, and **Cumulative Quarterly**, same topic and section number.

approaching the crossing, evidence *held* to show freedom from wilful and wanton negligence in the operation of the train.

7. APPEAL AND ERROR, § 1544*—*when plaintiff in negligence case cannot complain of error in instructions.* A plaintiff in a negligence case cannot complain because of the submission of the case to the jury with instructions that plaintiff could not recover in the absence of proof of ordinary care, on the ground that the declaration charged wilful and wanton negligence as well as ordinary negligence on the part of defendant, where he did not undertake to submit the question of wilful or wanton negligence, but in two or three of his general instructions covering the case told the jury that they could not find for the plaintiff unless they believed he was in the exercise of ordinary care for his own safety.